No. 23-50312

# United States Court of Appeals for the Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff–Appellant,*

v.

PAOLA CONNELLY,

*Defendant–Appellee.*

Appeal from the United States District Court
for the Western District of Texas
No. 3:22-CR-229-KC-2

**APPELLANT UNITED STATES OF AMERICA'S
MOTION TO STAY FURTHER PROCEEDINGS**

Under Federal Rule of Appellate Procedure 27 and Fifth Circuit Rule 27.1.3, the government moves to stay further proceedings in this case pending a decision in *United States v. Daniels*, No. 22-60596 (5th Cir.), which would likely be dispositive of this case. In support of this motion, the government shows:

**1.** Police were called to Connelly's home because of a conflict between Connelly's husband and a neighbor. (ROA.15–16.) Connelly told the officers that her husband and the neighbor had been using cocaine and crack cocaine and that her husband smoked marijuana. (ROA.16.) She also admitted that she regularly used marijuana. (ROA.16.) A search of Connelly's home revealed marijuana, THC extract, THC edibles, psilocybin (hallucinogenic mushroom), and drug paraphernalia. (ROA.16–17.) Police also found seven guns and ammunition. (ROA.17.)

Connelly was charged in a two-count superseding indictment. (ROA.79–82.) Count one charged that she was an unlawful user of a controlled substance in possession of guns and ammunition, in violation of 18 U.S.C. § 922(g)(3). (ROA.79–80.) Count two charged that she disposed of, and provided access to, the same guns and ammunition to her husband knowing that he was an unlawful drug user, in violation of § 922(d)(3). (ROA.80–81.)

Connelly moved to dismiss the indictment, arguing that §§ 922(d)(3) and (g)(3) violate the Second Amendment under the framework announced in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (ROA.122–43.) The district court initially refused to dismiss the indictment, concluding that precedent foreclosed Connelly's claims. (ROA.186–87 (citing *United States v. Patterson*, 431 F.3d 832, 834–36 (5th Cir. 2005); *United States v. May*, 538 F. App'x 465, 465–66 (5th Cir. 2013)).)

After the district court denied Connelly's motion, this Court decided *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), *cert. granted*, No. 22-915, 2023 WL 4278450 (June 30, 2023). *Rahimi* held that *Bruen* abrogated this Court's precedent upholding § 922(g)(8), which bars firearm possession by people subject to civil domestic-violence orders. *Id.* at 450–51. The district court then granted Connelly's motion for reconsideration. (ROA.215–46.) Extending *Rahimi*'s reasoning to § 922(g)(3), the court concluded that *Bruen* abrogated this Court's § 922(g)(3) precedent too. (ROA.219–21.) And it held that § 922(g)(3) facially violates the Second Amendment (ROA.239.) Finally, the court concluded that "§ 922(d)(3) does not withstand Second Amendment scrutiny for much the same reasons that § 922(g)(3) does not." (ROA.245.) Thus, the court dismissed both counts of Connelly's indictment. (ROA.245.)

The government appealed the district court's Second Amendment ruling and resulting dismissal order. (ROA.247.) On July 10, 2023, this Court issued a briefing notice providing that the appellant's brief for the government is due August 21, 2023. (ECF No. 17.)

**2.** The Second Amendment issue raised here is also before this Court in *United States v. Daniels*, No. 22-60596 (5th Cir.). In *Daniels*, the district court rejected the same Second Amendment challenge to § 922(g)(3) as Connelly presents here. *See United States v. Daniels*, 610 F. Supp. 3d 892, 897 (S.D. Miss. 2022). The defendant appealed. The parties in *Daniels* completed briefing on March 27, 2023. This Court heard oral argument

on June 5, 2023. Two days after oral argument, this Court issued a directive "invit[ing] briefs from amici curiae who wish to supply relevant information regarding the history and tradition of restrictions on the use and possession of firearms as pertinent to the issues presented in this case." Court Directive, *United States v. Daniels*, No. 22-60596 (5th Cir. June 7, 2023), ECF No. 85. This Court received five amicus briefs.

The government expects this Court's decision in *Daniels* to resolve the dispositive issues here: whether §§ 922(d)(3) and (g)(3) facially violate the Second Amendment. Connelly makes the same Second Amendment challenge to § 922(g)(3) here as the defendant made, and the district court rejected, in *Daniels*. The district court here emphasized that its facial ruling rested on comparing the statutory text "to the text and history of the Second Amendment" (ROA.244), not on any case-specific facts that could distinguish *Daniels*. Although *Daniels* does not involve a challenge to § 922(d)(3), moreover, the district court here concluded that § 922(d)(3) facially violates the Second Amendment "for much the same reasons" as § 922(g)(3). (ROA.245.) So this Court's decision in *Daniels* will likely be highly instructive, if not dispositive, as to that issue too. The parties and amici in *Daniels* have thoroughly developed the relevant arguments and historical record through initial briefing, oral argument, numerous letters citing and responding to supplemental authorities, and several amicus briefs.

The government thus requests that this Court vacate the briefing schedule and stay further proceedings in this case pending the decision in *Daniels*. A stay would promote judicial economy and eliminate duplicative effort because the decision in *Daniels* will likely be dispositive here. A stay would not prejudice Connelly, who currently has no federal indictment actively pending against her. This court has stayed at least two other appeals raising § 922(g)(3)'s constitutionality pending the decision in *Daniels*. *See* Order, *United States v. Sanchez*, No. 23-50293 (5th Cir. July 27, 2023), ECF No. 25; Order, *United States v. Kennett*, No. 22-51091 (5th Cir. Mar. 9, 2023), ECF No. 27.

This motion is not made for the purpose of delay.

******

For these reasons, the government respectfully requests that this Court vacate the briefing schedule in this case and stay further proceedings pending a decision in *United States v. Daniels*, No. 22-60596 (5th Cir.).

Respectfully submitted,

JAIME ESPARZA
United States Attorney

*/s/ Charles E. Fowler, Jr.*
CHARLES E. FOWLER, JR.
Assistant United States Attorney

### CERTIFICATE OF CONFERENCE

I certify that on August 4, 2023, I contacted Connelly's counsel, Mary Stillinger, who stated that Connelly opposes this motion.

/s/ Charles E. Fowler, Jr.
CHARLES E. FOWLER, JR.
Assistant United States Attorney

### CERTIFICATE OF SERVICE

I certify that on August 7, 2023, I filed this motion through this Court's electronic case-filing system, which will serve it on all registered counsel.

/s/ Charles E. Fowler, Jr.
CHARLES E. FOWLER, JR.
Assistant United States Attorney

### CERTIFICATE OF COMPLIANCE

I certify that

1. this motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 922 words, excluding parts exempted by Rule 32(f); and

2. this motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Office Word 365 in size 14 Calisto MT font.

/s/ Charles E. Fowler, Jr.
CHARLES E. FOWLER, JR.
Assistant United States Attorney