# No. 23-50312

# In the United States Court of Appeals for the Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*,

v.

PAOLA CONNELLY,

*Defendant-Appellee*.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

**APPELLEE'S RESPONSE BRIEF**

MARY STILLINGER
Attorney for Appellee
401 Boston Avenue
El Paso, Texas 79902
Tel.: (915) 775-0705
Fax: (915) 886-7178

## **CERTIFICATE OF INTERESTED PERSONS**

No.  23-50635, <u>United States v. Paola Connelly</u>

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case.  This representation is made in order that the Judges of this Court may evaluate possible disqualification or recusal.

1. Paola Connelly, Appellee

2. Mary Stillinger, defense attorney in the district court and on appeal

3. Patricia Aguayo, Patricia Acosta, and Juan Albino, Assistants United States Attorney in the district court

4. Mahogane D. Reed, Assistant United States Attorney on appeal

5. Jaime Esparza, United States Attorney for the Western District of Texas

By: <u>/s/ Mary Stillinger</u>
MARY STILLINGER
Attorney for Appellee Paola Connelly

## REQUEST FOR ORAL ARGUMENT

Appellee does not believe oral argument is necessary in this case, given the fact that established law in this Court does not support the government's arguments.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ............................................. i

REQUEST FOR ORAL ARGUMENT .......................................... ii

TABLE OF CONTENTS ................................................................ iii

TABLE OF AUTHORITIES ........................................................ iv

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW .................. 1

STATEMENT OF THE CASE ...................................................... 2

SUMMARY OF THE ARGUMENT ............................................. 5

ARGUMENT .............................................................................. 6

   I.   The district court correctly held that Section 922(g)(3) is
unconstitutional on its face and as applied to Ms. Connelly. ...................... 6

   II.   The district court correctly held that Section 922(d)(3) is
unconstitutional on its face. ......................................................... 9

CONCLUSION ........................................................................... 11

CERTIFICATE OF SERVICE ..................................................... 12

CERTIFICATE OF COMPLIANCE ............................................. 2

# TABLE OF AUTHORITIES

## Cases

*District of Columbia v. Heller,*
  554 U.S. 570 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*New York State Rifle & Pistol Association, Inc. v. Bruen,*
  142 S. Ct. 2111 (2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Daniels,*
  77 F.4th 337 (5th Cir. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*United States v. Rahimi,*
  61 F.4th 443 (5th Cir. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . 5-7

## Constitutional Provisions & Statutes

U.S. Const. amend. II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9-10

18 U.S.C. § 922 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

## <u>STATEMENT OF THE ISSUES PRESENTED FOR REVIEW</u>

1.      Whether the district court erred by holding that Section 922(g)(3) is unconstitutional on its face and as applied to Ms. Connelly.

2.      Whether the district court erred by holding that Section 922(d)(3) is unconstitutional on its face.

## STATEMENT OF THE CASE

The government sets out an adequate procedural history of this case in Appellant's Brief. Appellant's Brief at 5-9. However, the factual assertions in its Brief contain several significant misstatements.

The government states that it is relying on facts set out in the complaint (ROA.15-17[1]) and in the testimony at Ms. Connelly's detention hearing (ROA.253-85). Appellant's Brief at 3, n.2. Yet, the government most egregiously strays from that limitation when it insists that there is evidence in the record that Ms. Connelly smoked marijuana on a daily basis. Appellant's Brief at 31.

The government asserts that the district court made an error (that undermined its reasoning) because it characterized Ms. Connelly's drug usage as "occasional" rather than "every day." Appellant's Brief at 31. The government continues to assert that the district court purported to adopt the government's allegations regarding Ms. Connelly's drug usage, but "did not do so faithfully." Appellant's Brief at 32. In fact, the district court's statement of the factual background of the case is the most accurate.

---

[1] "ROA" refers to the record on appeal. The electronic record, part of which is sealed, has its pages numbered sequentially on the lower right corner. The number refers to the page of the record, excluding the case number.

The government's assertion that Ms. Connelly was a daily consumer of marijuana is not based on the complaint (which describes "regular" use, based on a review of Ms. Connelly's interview by police officers) (ROA.16).  Nor is the assertion based on the testimony at the preliminary and detention hearing, where the testimony (echoing the complaint) was that she used marijuana and THC on a "regular basis to sleep at night."  ROA.261-62.

Rather, the repeated assertion in the brief (and basis for claiming error on the district court's part) is based on an interpretation or spin of the facts by the Assistant United States Attorney while arguing for detention (ROA.279).  The AUSA argued that Ms. Connelly told the police that "she was using marijuana every day to put herself to sleep."[2] (ROA.279).  The government's repeated misstatement of the facts in this regard is disingenuous.

Other inaccuracies in the government's description of the facts in Appellant's brief are the confusion of the agents' suspicions with facts.  For example, the complaint refers to "what appeared to be a homemade

---

[2] Ms. Connelly is not arguing that the AUSA purposely misstated the evidence, because she may have inadvertently made this factual leap at the hearing.  However, doing something regularly is not the same as doing something daily, particularly in the context of the issues in this case.

marihuana greenhouse." ROA.16.  In the testimony at the preliminary and

detention hearing, it was revealed that the greenhouse had no plants at

all.  ROA.272.  Regardless, the government misleadingly asserts that Ms.

Connelly had a "marijuana greenhouse" in her home (Appellant's Brief at

30).  A similar factual leap is taken with respect to a bag of mushrooms

found in Ms. Connelly's kitchen.  ROA.261.  The district court accurately

described this as "suspected psilocybin." ROA.215.  Yet, the government

asserts as fact that "37.74 grams of psylocibin (hallucinogenic mushrooms)"

was found in Ms. Connelly's home.  Appellant's Brief at 4-5.

 The district court specifically chose not to make factual findings

regarding the extent of Ms. Connelly's drug usage.  ROA.218.  Instead the

district court decided the legal issues as though the government's suspicions

were true.  ROA.219.  The government's misstatements of the facts on

pertinent factual points cloud the legal issues to the detriment of Ms.

Connelly.

## SUMMARY OF THE ARGUMENT

The district court found 18 U.S.C. § 922(g)(3) unconstitutional on its face and as applied to Ms. Connelly, and further found Section 922(d)(3) unconstitutional on its face, based on this Court's decision in *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023).

The government's argument is precluded by current precedent, as set out in *Rahimi* and *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023). Although the government seeks to distinguish this case from *Daniels*, a panel of this Court cited, with approval, the district court's decision in this case. *Daniels*, 77 F.4th at 355 n.44.

The district court correctly found that the constitutionality of Section 922(d)(3) was inextricably connected to the constitutionality of Section 922(g)(3), because to hold the latter statute constitutional would provide an "end-run" around the court's holding regarding the former statute. The district court therefore correctly held that Section 922(d)(3) was unconstitutional on its face.

## ARGUMENT

<u>Standard of Review</u>

The government correctly sets out the standard of review of a constitutional question as de novo.  Appellant's Brief at 13.   This Court considers constitutional questions de novo. *United States v. Daniels*, <u>77 F.4th 337, 341</u> (5th Cir. 2023).

<u>Argument</u>

The government's argument is primarily based on its belief that this Court was wrong in deciding *Rahimi* and *Daniels*.  While the government has the right to preserve this issue for Supreme Court review, its appeal should be summarily denied, based on the current status of the law.

Rather than engage in the depth of the legal argument that can be made on these issues, Ms. Connelly is entitled to rely on the current state of the law, rather than a hypothetical lack of precedent.  The bulk of the government's argument sets out the historical support for disarming a person who is presently intoxicated.  However, since there was no evidence of Ms. Connelly's intoxication, there is no reason to respond to this argument.

I.     **The district court correctly held that Section 922(g)(3) is unconstitutional on its face and as applied to Ms. Connelly.**

*Section 922(g)(3) is unconstitutional on its face.*

The government repeatedly and incorrectly claims that in order to sustain a facial challenge to the statute, Ms. Connelly would need to show that there is no set of circumstances under which the statute would be valid. Appellant's Brief at 17, 18, 27, 29. However, the government ignores this Court's interpretation of *Bruen.* In *United States v. Rahimi,* this Court held that in order to sustain a facial challenge, the challenger need only show that a statute is inconsistent with the Second Amendment's text and historical understanding. *Rahimi*, 61 F.4th at 453 (citing *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111, 2129 (2022)).

In this case, Ms. Connelly argued, and the district court found, that Section 922(g)(3) was not consistent with the Second Amendment's text and the historical understanding of that text. The district court "engaged carefully with the historical sources and strictures of *Bruen*" and found that Section 922(g)(3) violates the Second Amendment. *See Daniels*, 77 F.4th at 355 n.44 (citing the district court's opinion in this case favorably).

The government incorrectly states this Court's holding in *Daniels* when it wrote that "although Section 922(g)(3) may be unconstitutional as applied to some unlawful drug users, the law may be constitutionally applied

to others." Appellant's Brief at 29. This Court made no such findings regarding the facial constitutionality of section 922(g)(3). Instead, what this Court stated was that "history and tradition may support some limits on an intoxicated person's right to carry a weapon." *Daniels*, 77 F.4th at 340. Nevertheless, the government repeatedly mischaracterizes this Court's decision in *Daniels* as having found that Section 922(g)(3) is not unconstitutional on its face. Appellant's Brief at 27. This Court's choice to limit its holding in *Daniels* to the specific facts of his case does not equate to a finding that Section 922(g)(3) is not facially unconstitutional.

*Section 922(g)(3) is unconstitutional as applied to Ms. Connelly.*

Even if the Court did not agree with the district court that Section 922(g)(3) is unconstitutional on its face, it would have to find it unconstitutional as applied to Ms. Connelly. As discussed above, the government has misstated the district court's factual findings. There is no support in the record for the government's contention on appeal that Ms. Connelly was a daily user of marijuana.

The Court in *Daniels* discussed in great detail the import of Mr. Daniels' approximately every-other-day usage of marijuana. The Court found this usage was more analogous to the use of alcohol by an alcoholic (who was not historically prohibited from possessing firearms). *Id.* at 348-

355.  This level of usage of this particular drug was not enough to put Mr. Daniels in the category of a dangerous person who would be historically prohibited from possessing firearms.

While the facts in this case are similar to *Daniels*, there is at least one important distinction:  Ms. Connelly's firearms were in her home, while Daniels' firearms were in his car.  The Supreme Court found that "the need for defense of self, family, and property is most acute" in a person's home.  *District of Columbia v. Heller,* 554 U.S. 570, 628 (2008).  The right to possess firearms in one's own home goes to the heart of the Second Amendment.  If Ms. Connelly were not allowed to possess a firearm even in her own home, she would be completely and thoroughly disarmed based on her usage of marijuana as a sleep aid, which is the complete opposite of the type of dangerous conduct typically associated with drug usage.  The statute could not possibly be constitutional as applied to the facts of Ms. Connelly's case.

## II.    The district court correctly held that Section 922(d)(3) is unconstitutional on its face.

The government incorrectly states that the district court granted Ms. Connelly's as-applied challenge to Section 922(d)(3). Appellant's Brief at 39.  The district court recognized that Ms. Connelly's husband (who was

using dangerous drugs in a dangerous way with dangerous results) was the kind of person who would have been historically disarmed.  ROA.244.

The district court, however, reasoned that if the constitutionality of Section 922(d)(3) were upheld, it would "create an end-run around the Court's holding on the constitutionality of Section 922(g)(3)."  ROA.242.  In other words, it would create a way to enforce the restrictions of 922(g)(3) by seeking enforcement against the persons who provide the firearms.  The district court correctly found that since it found Section 922(g)(3) unconstitutional, it was bound to similarly find Section 922(d)(3) unconstitutional.

Another basis for upholding the district court's decision in this regard is the fact that the firearms were merely present in the marital home.  Ms. Connelly merely failed to prevent her husband from accessing the firearms.  This again impairs Ms. Connelly's own Second Amendment rights in her home.

## **CONCLUSION**

This Court should summarily affirm the district court's judgment. A remand for factual findings is not necessary, given the district court's assumptions in favor of the government.

Respectfully submitted,

s/ Mary Stillinger
MARY STILLINGER
401 Boston Avenue
El Paso, Texas 79902
Tel.: (915) 775-0705
Fax: (915) 886-7178

*Attorney for Defendant-Appellee*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of December, 2023, I
electronically filed the foregoing Appellee's Brief with the Clerk of the
Court using the CM/ECF system which will send notification to the
following:

Assistant United States Attorney,

Mahogane D. Reed,

By: s/ Mary Stillinger

MARY STILLINGER

## <u>CERTIFICATE OF COMPLIANCE</u>

Certificate of Compliance with Type-Volume Limit, Typeface
Requirements, and Type-Style Requirements

1. This document complies with the type-volume limit of <u>Federal Rule
of Appellate Procedure 32(a)(7)(B)</u> because this brief contains 2,537 words,
excluding the parts of the document exempted by <u>Federal Rule of Appellate
Procedure 32(f)</u>.

2. This document complies with the typeface requirements of <u>Federal
Rule of Appellate Procedure 32(a)(5)</u> and the type-style requirements
<u>Federal Rule of Appellate Procedure 32(a)(6)</u> because this brief has been
prepared in a proportionally spaced typeface using Microsoft Word in 14-
point Times New Roman.

By: <u>s/ Mary Stillinger</u>
MARY STILLINGER
Attorney for Defendant-Appellee

Dated: December 19, 2023