

**U.S. Department of Justice**

Criminal Division

*950 Pennsylvania Avenue N.W., Room 1252*
*Washington, DC 20530-0001*
*Tel: (202) 307-1982*

July 3, 2024

<u>**VIA CM/ECF**</u>

Mr. Lyle W. Cayce, Clerk
Office of the Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

      Re:   *United States v. Paola Connelly*, No. 23-50312
            <u>United States' Reply to Paola Connelly's Supplemental Letter Brief</u>

Dear Mr. Cayce,

    The United States submits this reply to Paola Connelly's supplemental letter brief addressing the Supreme Court's decision in *United States v. Rahimi*, No. 22-915, 2024 WL 3074728 (June 21, 2024).

    Connelly agrees that *Rahimi* "provide[s] guidance for the analysis" of 18 U.S.C. §§ 922(g)(3) and (d)(3). Connelly Supp. Ltr. Br. 1. She likewise agrees that "*Rahimi* directs a court to find the principle underlying a historical restriction," and she concedes that the Second Amendment principle underlying historical intoxication statutes is "to protect the community from those that might use a firearm to harm or threaten others." *Id*. at 3. But she contends that Section 922(g)(3) is inconsistent with that principle. *Id*. at 3-4. And she maintains that the district court's analysis is consistent with, and therefore survives, *Rahimi* because it "sought an analogue," not a "historical twin," for Section 922(g)(3). *Id*. at 2. Connelly errs twice over.

    Connelly's main mistake lies in demanding that Section 922(g)(3) "precisely match its historical precursors." *Rahimi*, 2024 WL 3074728, at *6. *Rahimi* emphasized that a one-to-one match between historical analogues and modern firearm regulations is not required; even where there is some difference between historical laws and a modern statute, the challenged law "still may be analogous enough to pass constitutional muster." *Id*. As the government has explained, Section

922(g)(3)'s temporary prohibition on firearm possession by an "unlawful user" of controlled substances is sufficiently analogous to the historical intoxication statutes regulating firearm use by legal users of alcohol. Gov't Supp. Ltr. Br. 5.

Connelly also mischaracterizes the district court's analysis, which belies her contention that the court did not require a historical twin. By rejecting the government's proffered analogues because they "br[oke] with" or "differed slightly" from Section 922(g)(3), ROA.236, 239, the district court effectively demanded a "dead ringer" of the sort that *NYSRPA v. Bruen*, 597 U.S. 1 (2022), and *Rahimi* disclaimed. *Rahimi*, 2024 WL 3074728, at \*6; *see also id.* at \*10 (rejecting the dissenting opinion's contention that "the historical analogues for Section 922(g)(8) are not sufficiently similar").

Connelly otherwise rests on *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023), *vacated*, 2024 WL 3259662 (July 2, 2024), which she maintains "remains valid under *Rahimi*." Connelly Supp. Ltr. Br. 2-3. Yesterday, the Supreme Court granted the government's petition for a writ of certiorari in that case, vacated this Court's opinion, and remanded for further consideration in light of *Rahimi*. *United States v. Daniels*, No. 23-376, 2024 WL 3259662 (July 2, 2024). Thus, *Daniels* no longer binds this panel, which is free to decide the constitutional questions raised in this appeal without regard to this Court's prior opinion. *Cf. Kenemore v. Roy*, 690 F.3d 639, 641-42 (5th Cir. 2012) (explaining the effect of a GVR). On the merits, though, *Daniels* does not help Connelly, both because its reasoning is in serious tension with *Rahimi*'s explanation of the proper methodology that governs in Second Amendment challenges, *see* Gov't Supp. Ltr. Br. 6, and because it supports the government's position that Sections 922(g)(3) and (d)(3) are constitutional in at least some of their applications, *see id.*

Connelly insists that Section 922(g)(3) is unconstitutional on its face, but she fails to "establish that no set of circumstances exists under which [Section 922(g)(3)] would be valid." *Rahimi*, 2024 WL 3074728, at \*6.[1] She instead repeats the same error the Supreme Court cautioned against by "focusing on the hypothetical scenarios where Section 922(g)[(3)] might raise constitutional concerns." *Id.* at \*11. This reasoning is impossible to square with *Rahimi*, which undermines Connelly's facial challenge.

Finally, Connelly contends that Section 922(g)(3) is unconstitutional as applied to her, but she fails to explain why. As the government has explained, Section 922(g)(3) is constitutional as applied to an admitted "regular" marijuana

---

[1] Connelly states that *Rahimi* did not conduct a "facial analysis." Connelly Supp. Ltr. Br. 3. That is incorrect. The Supreme Court in *Rahimi* held that Section 922(g)(8) is constitutional on its face because the statute was constitutional as applied to the defendant in that case. *Rahimi*, 2024 WL 3074728, at \*6.

user, as Connelly is alleged to be. Gov't Supp. Ltr. Br. 4 & n.1. At a minimum, the district court prematurely resolved Connelly's as-applied challenge, which turned on disputed facts not alleged in the indictment. *Id*. To the extent the frequency of Connelly's marijuana use is relevant, this Court should remand for further development of these facts.

Respectfully submitted,

| | |
|---|---|
| JAIME ESPARZA<br>United States Attorney | NICOLE M. ARGENTIERI<br>Principal Deputy Assistant Attorney General |
| ZACHARY RICHTER<br>Deputy Appellate Chief<br>Western District of Texas | LISA H. MILLER<br>Deputy Assistant Attorney General |
| | /s/ Mahogane D. Reed<br>MAHOGANE D. REED<br>Attorney, Appellate Section<br>Criminal Division<br>U.S. Department of Justice<br>950 Pennsylvania Ave., N.W.<br>Washington, DC 20530<br>(202) 615-1170<br>mahogane.reed@usdoj.gov |

## CERTIFICATE OF COMPLIANCE

1. This letter complies with the Court's June 21, 2024, order because it does not exceed three pages.

2. This letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Rule 32(a)(6) because this letter has been prepared in a proportionally spaced, 14-point serif typeface using Times New Roman.

*/s/ Mahogane D. Reed*
Mahogane D. Reed

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2024, I electronically filed the foregoing with the Clerk of the Court of the U.S. Court of Appeals for the Fifth Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

*/s/ Mahogane D. Reed*
Mahogane D. Reed
