

# STILLINGER & GODINEZ
## ATTORNEYS AT LAW, PLLC

**MARY STILLINGER**
*Licensed in Texas and New Mexico*
*Board Certified in Criminal Law*
*by the Texas Board of Legal Specialization*

July 3, 2024

**KATHERINE M. GODINEZ**
*Licensed in Texas and Arizona*

**BERNARD J. PANETTA**
*Licensed in Texas & District of Columbia*
*Of Counsel*

Mr. Lyle W. Cayce
Clerk of the Court
United States Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, Louisiana 70130

    Re: United States v. Paola Connelly
       Case No. 23-50312

Dear Mr. Cayce:

    I am submitting this letter brief in response to the government's supplemental letter brief, regarding the impact of *United States v. Rahimi,* No. 22-915, 2024 WL 3074728 (June 21, 2024).

    The government believes that *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023), *vacated*, 2024 WL 3259662 (July 2, 2024), is undermined by *Rahimi.* Gov't Letter Brief at 6. Although this Court's decision in *United States v. Daniels,* has been vacated and the case remanded for reconsideration in light of *Rahimi*, this is no comment on the validity of the reasoning in *Daniels*, and whether it is affected by *Rahimi*. In fact, as stated in Ms. Connelly's letter brief of June 28, this Court's decision in *Rahimi* does not conflict in any way with the Supreme Court's guidance in *Rahimi*.

    It is clear that this Court sought a historical analogue rather than a historical twin in *Daniels*. While the government asserts that this Court relied on the faulty reasoning of *Rahimi* (Gov't Letter Brief at 6), the *Daniels* decision did not find facial unconstitutionality, which was one point in the Supreme Court's criticism in *Rahimi*. Further, the *Daniels* decision focused on the task, as clarified in *Rahimi*, of finding a relevantly similar analog to the current statute. The government's

EL PASO
401 Boston Ave., El Paso, TX 79902
P: (915) 775-0705

DALLAS
2619 Hibernia St., Dallas, TX 75204
P: (214) 432-0405

stillingerlaw@sbcglobal.net
www.stillingergodinez.com

complaint cannot be with the methodology, but only the outcome of the *Daniels* decision.

The government asserts that because the district court reached a different decision on the constitutionality of § 922(g)(3) in the case of Ms. Connelly's husband, there is an "irreconcilable" conflict with its decision in this case. Gov't Letter Brief at 4. However, the district court's opinion in Ms. Connelly's case was issued almost exactly a year after the decision in her case. *United States v. John Connelly*, No. 22-CR-229, 2024 WL 1460762 (W.D.Tex. Apr. 2, 2024). The district court had the advantage of this Court's decision in *Daniels* when it issued the later opinion. But the district court did not contradict itself, made clear by the fact that the district court cited back to its prior decision in Ms. Connelly's case. *Id.* at *2, n.1. Regardless, the district court found § 922(g)(3) unconstitutional in **this** case, which is the issue before the Court.

The government requests remand for "further factual development regarding the extent of Connelly's marijuana use." Gov't Letter Brief at 4. There is no proposed source of this evidence,[1] and one could only imagine that Ms. Connelly herself would be the source of this information. Since these details were not sought when Ms. Connelly was interviewed by law enforcement, they cannot now compel her to disclose this evidence.[2] Further, this request suggests that the burden should be shifted to Ms. Connelly to provide evidence of her minimal marijuana usage. Thus, there is no basis for the remand request.

For these reasons and those set out in Appellee's prior briefing, this Court should affirm the judgment of the district court.

Respectfully submitted,

By: /s/ Mary Stillinger
Mary Stillinger
STILLINGER & GODINEZ, PLLC
Texas Bar No. 19239500

---

[1] There is no evidence to develop regarding any other drugs in the house. The government disclosed in its footnote 1 that the "suspected psylocibin found in Connelly's home was not confirmed to be psylocibin." Gov't Letter Brief at 4, n.1. To be more clear, the suspected mushrooms were recently tested and determined not to be psylocibin

[2] The only other potential source of information could be her husband, who could not be compelled to testify against her.

401 Boston Avenue<br>
El Paso, Texas  79902<br>
(915) 775-0705<br>
stillingergodinez@sglawpllc.net

## CERTIFICATE OF SERVICE

    I hereby certify that on this 3rd day of July, 2024, I electronically filed the foregoing Appellee's Reply to the United States' Supplemental Letter Brief with the Clerk of the Court using the CM/ECF system which will send notification to the following:

Assistant United States Attorney,
Mahogane D. Reed

                                              By: <u>s/ Mary Stillinger</u>
                                                  MARY STILLINGER